Philip Baumeister and Another, Copartners, Doing Business under the Name of Baumeister & Baumeister, and Another, Respondents, *v.* Durham Realty Corporation, Appellant.

First Department, June 2, 1933.

*Stephen J. McTague* of counsel [*T. Sherman Class* with him on the brief; *Alexander & Keenan,* attorneys], for the appellant.

*Harry J. Leffert* of counsel [*Sidney A. Wolff* with him on the brief; *Harry J. Leffert,* attorney], for the respondents.

O'Malley, J. Plaintiffs have recovered for brokerage commissions in effecting a sale of defendant's property. Their evidence established *prima facie* the necessary elements of their cause of action, and were it not for prejudicial error committed upon the trial we would not be inclined to interfere with the judgment in their favor.

The deposition of a non-resident witness taken before trial within this State, pursuant to section 288 of the Civil Practice Act, was offered and received on behalf of the plaintiffs without preliminary proof having been made that the witness was not then within the State of New York and not subject to subpœna as a witness at the trial. It was objected to by defendant's counsel upon the ground

that no proper foundation had been laid. It was further urged that the witness was in fact then in the State of New York and could be " produced on the stand." Objection was overruled upon the ground that defendant's counsel could not raise the question because of his having participated in the examination of the witness which was had pursuant to notice. Exception was duly taken. Subsequently, a motion to strike out that portion of the deposition of the witness which had been read was denied, to which defendant's counsel duly excepted.

The reception of this deposition in the circumstances disclosed violated the plain provisions of section 304 of the Civil Practice Act which, so far as material, provides: " Conditions under which deposition may be read in evidence. A deposition taken within the State, except that of a party taken at the instance of an adverse party or a deposition taken in pursuance of a stipulation, shall not be read in evidence, as provided in the last section, unless it appears to the satisfaction of the court that the deponent is then dead or is out of the State or at a greater distance than one hundred miles from the place where the court is sitting, or that, by reason of insanity, sickness, or other infirmity, or imprisonment, he is unable to travel to and appear at the court, or that for any reason his attendance cannot be compelled by subpoena, with the exercise of reasonable diligence."

In *Green* v. *Middlesex Valley R. R. Co.* (31 App. Div. 412), where a similar erroneous ruling was made the basis of a reversal, the court in construing section 882 of the Code of Civil Procedure, substantially the same as section 304 of the Civil Practice Act (*supra*), and in discussing the condition imposed by the statute, said (at pp. 417, 418): " The purpose of this condition is quite apparent, and it is this: That while a party may, under certain circumstances, procure the evidence of a witness before the trial of the action, he must nevertheless produce the witness upon the trial, if possible, in order that the jury may have the benefit of an examination conducted in open court, and it is not until he has shown his inability to thus produce the witness that he is permitted to read his deposition. Nor are we compelled to look far for the reason of this requirement, for it is a fundamental rule of the common law that parties to a legal controversy shall be confronted by the witnesses on either side whose testimony shall be given orally in the presence of the court and jury."

Respondents' counsel urges that the error, if any, was harmless, for the reason that the testimony contained in the deposition was cumulative, one of the plaintiffs having testified to substantially

the same facts as were contained in the deposition read. We cannot accept this view. The witness was not a party to the action and was offered by the plaintiffs as one wholly disinterested. His testimony tended strongly to support plaintiffs in their claim that they rendered important service and were the procuring cause of the sale. At the time the deposition was taken the defendant had no knowledge, or means of knowing, the relations between the plaintiffs and this witness, or what their claim as to such relations upon the trial would be. It was, therefore, entitled to the benefit of full cross-examination in open court, especially since there were discrepancies between the testimony given by the witness and that given by one of the plaintiffs.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.