In the Matter of the Accounting of ROBERT C. BROWN, as Executor of GEORGE L. BUCKMAN, Deceased.

ISABEL KAY et al., Appellants; MAX R. HOENER, as Substitute-Successor Executor of GEORGE L. BUCKMAN, Deceased. Respondent.

First Department, March 8, 1946.

Clarence B. Campbell for appellants.

Leonard Belford of counsel (Nichols & Belford, attorneys), for respondent.

PECK, J. In an accounting proceeding a notice was served in behalf of the accounting executor for taking the testimony by deposition before trial of a member of the firm of attorneys representing the executor, upon the ground that the witness resided outside the State of New York. A motion was made by the objectants to vacate the notice of examination upon the grounds that the witness to be examined maintained an office for the practice of law in New York City and was not therefore "without the state," and that no special circumstances were shown to render the taking of his deposition proper. The Surrogate denied the motion.

The deposition was sought to be taken under that part of section 288 of the Civil Practice Act which permits any party to take the testimony of any person who is "without the state". We do not believe that a member of the New York Bar, practicing in the State, is "without the state" simply because he resides outside of the State. The phrase "without the state," in its context and in the light of section 304 of the Civil Practice Act relating to the reading of depositions in evidence (Baumeister v. Durham Realty Corp., 238 App Div. 424), means something other than mere nonresidence. It contemplates unavailability to the service of a subpœna for the trial. In Vadervel v. Prudential Ins. Co. (255 App. Div. 771), cited in support of the order appealed from, the witness both resided outside of the State and was employed outside of the State.

The witness here would normally be quite as amenable to the service of a subpœna as a resident, and in the absence of some showing of special circumstances rendering the taking of his deposition proper, his deposition may not be taken under section 288 of the Civil Practice Act.

The order should be reversed, with $20 costs and disbursements to the appellants, payable out of the estate, and the motion

to vacate the notice of examination granted and the matter remitted to the Surrogate of the County of New York for further action in accordance with this opinion.

MARTIN, P. J., TOWNLEY, GLENNON and CALLAHAN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants, payable out of the estate, and the motion to vacate the notice of examination granted and the said proceeding remitted to the Surrogate of the County of New York for further action in accordance with the opinion of this court.