■ GRAND UNION CO., Appellant, v. 4944 RESTAURANT CORP., Respondent. — Order [6771], entered on July 12, 1963, vacating the plaintiff's notice to examine before trial one Stanley Pilate as a witness, unanimously affirmed, with $10 costs and disbursements to respondent. The affidavit submitted in opposition to the motion to vacate fails to sufficiently demonstrate — in the light of the circumstances concerning this witness — that the witness is "without the state" within the contemplation of section 288 of the Civil Practice Act (now CPLR 3101). (See *Matter of Buckman,* 270 App. Div. 522.) Order [6772], entered on September 16, 1963, granting reargument of the order vacating the plaintiff's notice to examine the witness and upon such reargument adhering to the original determination, unanimously affirmed, with $10 costs and disbursements to respondent. (See memorandum in appeal No. 6771.) Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.

■ HELEN B. GONTARYK, Respondent, v. JOHN M. GONTARYK, Appellant. — Order, entered on September 4, 1963, unanimously modified on the law, to delete therefrom the first decretal paragraph directing the payment by defendant of a weekly sum for support of the child of the parties; the second decretal paragraph thereof modified on the law, on the facts and in the exercise of discretion, to reduce the counsel fees to $500, one half thereof to be paid 10 days after service of a copy of the order hereon with notice of entry and balance thereof to be paid when the case first appears on the Day Calendar for trial; and the order otherwise affirmed, without costs to either party. This action was brought for a judgment decreeing the invalidity of a certain foreign divorce decree obtained by the defendant against the plaintiff and declaring the plaintiff and the defendant to be lawful husband and wife. There is no authority conferred upon the court to make provision in such an action for the support of a child of the defendant pending the determination thereof. (See Civ. Prac. Act, §§ 1164, 1170, 1170-a; Domestic Relations Law, §§ 236, 240; *Langerman* v. *Langerman,* 303 N. Y. 465.) And, in view of the defendant's modest income and of the fact that he will not interpose an answer in the action, an award of a $750 counsel fee is not justified. Concur — Breitel, J. P., Rabin, Valente, McNally and Eager, JJ.